#1860856                                                          315-21030

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RAYMOND BIANCHINI, JR.** | **CIVIL ACTION NO:** |
| V. | **DISTRICT JUDGE:** HON |
| **VENTURE GLOBAL GATOR EXPRESS, LLC AND JOHN DOE** | **MAGISTRATE JUDGE:** HON |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF SAID COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1333 and 1441(a), Defendant, Venture Global Gator Express, LLC (hereinafter referred to as "Venture Global" or "Defendant"), hereby gives notice that the above-captioned action pending in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, is hereby removed to the United States District Court for the Eastern District of Louisiana. In support of removal, Defendant, Venture Global, states the following:

### LOUISIANA STATE COURT ACTION

1. On or about June 5, 2023, Plaintiff, Raymond Bianchini, Jr., ("Plaintiff"), filed a Petition against the Defendants, Venture Global Gator Express, LLC and John Doe, "under the General Maritime Law" alleging general maritime negligence as the result of the actions of numerous vessels on navigable waters, specifically invoking 28 U.S.C. § 1333 and invoking the "admiralty and maritime jurisdiction of the Court," in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, bearing docket no. 68-144, entitled "*Raymond

*Bianchini, Jr. v. Venture Global Gator Express, LLC and John Doe"* (hereinafter referred to as "State Court Suit").

2. Plaintiff claims to have sustained damage to the oysters and oyster reefs purportedly located on his oyster leases as a result of Defendants' operations that included dredging, pile driving, and other activities by vessels owned and/or operated by Defendants, which vessels are alleged by Plaintiff to include tugboats, crew boats, dredges, and crane barges.[1] These undisputedly traditional maritime activities by Defendants' vessels are alleged to have "occurred upon navigable waters such that admiralty and maritime jurisdiction apply."[2]

3. Dredging activity in or near navigable waters has at least the potential to have a disruptive impact on maritime commerce. As one court explained, "[b]y its very nature, dredging seems to affect maritime commerce as a key motivation for dredging is to keep waterways passable for commercial and other vessels." *In re Ingram Barge Co.,* No. 05-4419, 2007 WL 837181, at *6 (E.D. La. Mar. 14, 2007); see also *In re The V-14813*, 65 F.2d 789, 790 (5th Cir. 1933) ("There are many cases holding that a dredge, or a barge with a pile driver, employed on navigable waters, is subject to maritime jurisdiction ....").

4. A copy of all filings in the possession of Venture Global in the State Court Suit are attached, *in globo*, as Exhibit "A." Exhibit "A" includes true and correct copies of all process, pleadings, and orders found as of this filing in the 25th Judicial District Court record, as required by 28 U.S.C. § 1446(a).

5. Venture Global has not yet been served with Plaintiff's Petition filed in the State Court Suit but received notice of same on June 12, 2023. Therefore, this Notice of Removal has

---

[1] Petition for Damages, ¶ 11, Exhibit "A."
[2] Petition for Damages, ¶ 19, Exhibit "A."

been filed within thirty (30) days of Venture Global's receipt of Plaintiff's initial pleading, in accordance with 28 U.S.C. § 1446(b).

6. Venture Global has not yet filed responsive pleadings in response to Plaintiff's Petition filed in the State Court Suit and expressly reserves any and all defenses it may have, now or in the future, as to the merits of the claims asserted in the Petition, the lack or insufficiency of service, process, venue, or jurisdiction, and waives none of the aforesaid defenses by filing this Notice of Removal.

## JURISDICTIONAL BASIS OF REMOVAL - DIVERSITY

7. Plaintiff, Raymond Bianchini, is a resident of and domiciled within the State of Louisiana. See Answer and Claim, at ¶ 1 (Rec. Doc. 6), attached as Exhibit "B."

8. Venture Global Gator Express, LLC is now, and was at the time the Petition was filed, a limited partnership formed under the laws of the State of Delaware with its principal place of business in Arlington, Virginia.

9. Venture Global Gator Express, LLC is now, and was at the time the Petition was filed, a limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Venture Global Gator Express, LLC is a single-member LLC with Plaquemines LNG Pledger, LLC as its sole member. Plaquemines LNG Pledger, LLC is a single-member LLC with Plaquemines LNG Holdings, LLC as its sole member. Plaquemines LNG Holdings, LLC is a single-member LLC with Plaquemines LNG Holdings Pledgor, LLC as its sole member. Plaquemines LNG Holdings Pledgor, LLC is a single-member LLC with Plaquemines LNG Funding, LLC as its sole member. Plaquemines LNG Funding, LLC is a single-member LLC with Venture Global Plaquemines LNG Holding, LLC as its sole member. Venture Global

Plaquemines LNG Holding, LLC is a single-member LLC with Venture Global Plaquemines LNG Holding II, LLC as its sole member. Finally, Venture Global Plaquemines LNG Holding II, LLC is a single-member LLC with Venture Global LNG, Inc. as its sole member and the ultimate owner.

10. Venture Global LNG, Inc., the ultimate owner of Venture Global Gator Express, LLC, is a corporation incorporated under the laws of the State of Delaware with its headquarters in Arlington, Virginia. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Further, the Supreme Court held that a corporation's principal place of business is normally "the place where the corporation maintains its headquarters…." *Hertz v. Friend*, 449 U.S. 77, 93 (2010). Therefore, for purposes of determining diversity jurisdiction, Venture Global LNG, Inc. is a citizen of both Delaware, where it has been incorporated, and Virginia, where its headquarters, or principal place of business, is located. Accordingly, for the purposes of diversity of citizenship, Venture Global Gator Express, LLC, is also a citizen of states of Delaware and Virgnia.

11. Plaintiff has named "John Doe" as a fictitious name given to the yet to be named captain of the vessels involved in this matter. Pursuant to 28 U.S.C. § 1441(b)(1), in determining whether a civil action is removable on the basis of the jurisdiction under 28 U.S.C. § 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. See *Hill v. Geovera Specialty Ins. Co.*, 2020 WL 5411731, at *1 (E.D. La. Sept. 9, 2020) (Lemmon, J.) ("Geovera contends that in filing suit against ServPro, plaintiff sued a fictitious entity, and pursuant to 28 U.S.C. § 1441 . . . the court may not consider ServPro's non-diverse citizenship."); see also *Burns v. Home Depot U.S.A., Inc.*, 2020 WL 4504398, at *1 (E.D. La. Aug. 5, 2020) (Guidry, J.)

4

(Citizenship of fictious defendants was disregarded for purposes of determining diversity jurisdiction).

12. There is complete diversity of citizenship as Plaintiff is a Louisiana resident and domiciliary; defendant, Venture Global is a citizen of the State of Delaware and State of Virginia, by virtue of the citizenship of its partners.

13. Thus, diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

14. Venture Global further shows that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, but denies any liability to Plaintiff in any amount whatsoever.

15. Although Plaintiff does not plead a specified amount of damages, the amount in controversy requirement is satisfied from the face of the Petition due to the nature and extent of the injuries and damages alleged by Plaintiff. Plaintiff alleges that as a result of the alleged activities by Venture Global, his oyster lease suffered a dramatic increase in oyster mortality rates and also caused and continues to cause severe damage.[3] The increased oyster mortality and the accompanying oyster lease damages are itemized by Plaintiff as follows: damages to past, present, and future oysters and oyster crops; damages to oyster lease, including but not limited to clutch materials and water bottoms; restoration and/or replacement costs of cultch and bedding materials (including water bottom and shell plant) damaged and destroyed; loss of oyster revenues, past, present, and future; past and future expenditures and costs associated with additional work required on said lease; and punitive damage.[4]

---

[3] Petition for Damages, ¶¶ 8-11, Exhibit "A."
[4] Petition for Damages, ¶ 12, Exhibit "A."

5

16. Plaintiff has not attached to his Petition a binding stipulation irrevocably waiving his right to recover damages in excess of any specified amount, or irrevocably waiving his right to amend his Petition to seek additional damages.

17. Removal is proper under 28 U.S.C. § 1441(a). This suit involves a controversy over which the United States District Court has original jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Plaintiff is a citizen of the State of Louisiana, and defendant, Venture Global, is a citizen of both the State of Delaware and the State of Virginia. The co-defendant, "John Doe" is a party sued under a fictitious name and, accordingly, his citizenship will be disregarded for establishing diversity jurisdiction. There is full diversity of citizenship between Plaintiff and all properly joined and served Defendants. The amount in controversy exceeds the sum or value of $75,000.

## **JURISDICTIONAL BASIS OF REMOVAL – GENERAL MARITIME LAW**

18. Alternatively, this case is removable under 28 U.S.C. § 1441(a), because this suit involves a controversy over which the United States District Court has original jurisdiction based on admiralty tort jurisdiction under 28 U.S.C. § 1333(1). In his Petition, Plaintiff alleges negligence aboard vessels on navigable waters, and expressly alleges that his claims arise under the General Maritime Law and requests the "admiralty and maritime" jurisdiction of the Court.[5]

19. Because Plaintiff asserts claims arising under the General Maritime Law, this Notice of Removal is filed on the basis of jurisdiction conferred by 28 U.S.C. §§ 1333 and 1441(a). A federal court's authority to hear cases in admiralty flows initially from the Constitution, which "extend[s]" federal judicial power "to all cases of admiralty and maritime jurisdiction."

---

[5] Petition for Damages, ¶ 13, Exhibit "A."

20. 28 U.S.C. § 1441 reads as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Many courts (including the Supreme Court) have deemed dredging to be a traditional maritime activity or substantially related to traditional maritime activity. See *Ellis v. United States*, 206 U.S. 246, 259 (1907) (dredges fall "within the admiralty jurisdiction of the United States"); *Misener Marine Constr. v. Norfolk Dredging*, 594 F.3d 832, 837 (11th Cir. 2010) (dispute over dredging contract falls within federal maritime jurisdiction because dredging is "a traditional maritime activity"); *Ingram Barge*, 2007 WL 837181 at *6 (noting that "[d]redging itself appears to be a traditional maritime activity"); *Lakes of Gum Cove Hunting & Fishing v. Weeks Marine*, 182 F. Supp. 2d 537, 544–45 (W.D. La. 2001) (claims against dredging contractor arising from spoil deposited on property met connection test for admiralty jurisdiction). Hence, this is a "civil action . . . of which the district courts of the United States have original jurisdiction," and a suit within the admiralty jurisdiction may be properly removed to federal court. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, (1995); *Exxon Mobil Corp. v. Starr Indemn. & Liab. Ins. Co.*, No. 15–1555, 2015 U.S. Dist. LEXIS 178100, at *18–23 (S.D. Tex. December 21, 2015) (Hittner, J.); *Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, 2014 U.S. Dist. LEXIS 82434 (S.D. Tex. June 17, 2014) (Atlas, J.). See also *Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 U.S. Dist. LEXIS 12484 (S.D. Tex. Jan. 31, 2014) (Werlein, J.).

21. As reflected in paragraph 13 of Plaintiff's Petition filed in the State Court Suit, "the events surrounding this incident occurred upon navigable waters such that admiralty and

maritime jurisdiction apply" and as such events allegedly arose out of the negligence of Defendants working aboard vessels on navigable waters while participating in a traditional maritime activity, specifically dredging and pipeline construction. Accordingly, the instant case is removable because Plaintiff asserts a claim for general maritime negligence and invokes admiralty jurisdiction, which is a claim within the original jurisdiction of this Court.

22. Pursuant to 28 U.S.C. §§ 1333 and 1441(a), and without prejudice to any defense Defendant may have to Plaintiff's action, jurisdictional or otherwise, Defendant, Venture Global, removes this action from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

## VENUE IS PROPER IN THIS COURT

23. The United States District Court for the Eastern District of Louisiana embraces the county or parish in which the State Court Suit was filed. Accordingly, this case is properly removed to this Court under 28 U.S.C. § 1446(a).

## RELATED MATTERS

24. Out of an abundance of caution, Venture Global wishes to advise the Court of a related matter. On or about April 18, 2023, Plaintiff, Michael Bianchini, filed a Petition against the Defendants, Sunland Construction, Inc. and Venture Global Gator Express, LLC, "under the General Maritime Law" alleging general maritime negligence as the result of the actions of numerous vessels on navigable waters, specifically invoking 28 U.S.C. § 1333 and invoking the "admiralty and maritime jurisdiction of the Court," in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, bearing Civil Action No. 68-039, entitled *Michael Bianchini v. Sunland Construction, Inc. and Venture Global Gator Express, LLC*." A copy of Plaintiff, Michael Bianchini's Petition is attached hereto as Exhibit "C."

25. Like Plaintiff herein, Plaintiff, Michael Bianchini, claims to have sustained damage to the oysters and oyster reefs purportedly located on his oyster leases as a result of Defendants' operations that included dredging, pile driving, and other activities by vessels owned and/or operated by Defendants, which vessels are alleged by Plaintiff to include tugboats, crew boats, dredges, and crane barges.

26. On May 26, 2023, Venture Global filed a Notice of Removal, removing the action to this Honorable Court. The removed action was assigned Civil Action No. 2:23-cv-01796. A copy of Venture Global's Notice of Removal is attached hereto as Exhibit "D."

27. Defendant, Sunland Construction, Inc. ("Sunland"), filed a Complaint for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30511 and Rule F of the Supplemental Rules of the Federal Rules of Civil Procedure for Certain Admiralty and Maritime Claims on May 17, 2023, as owner and operator of the following vessels: Dredge BH101; Lay Barge K102; MR. DYSON; LITTLE MAN; LIL SMOKE; CHRISTIE B.; LORI L.; Unnamed 2007 40' Aluminum Hackco Crew Boat; Unnamed 2003 25' Aluminum Hackco Crew Boat; Unnamed 20' American Flat Boat; and Unnamed Scully's 20' Flat Boat, their engines, tackle, gear, furniture, appurtenances, et cetera (hereafter "the Vessels"), in the U.S. District Court for the Eastern District of Louisiana, in a matter entitled "*IN THE MATTER OF SUNLAND CONSTRUCTION INC. AS OWNER AND OPERATOR OF THE FOLLOWING VESSELS: DREDGE BH101; LAY BARGE K102; MR. DYSON; LITTLE MAN; LIL SMOKE; CHRISTIE B; LORI L.; UNNAMED 2007 40' ALUMINUM HACKCO CREW BOAT; UNNAMED 2003 25' ALUMINUM HACKCO CREW BOAT; UNNAMED 20' AMERICAN FLAT BOAT; AND UNNAMED SCULLY'S 20' FLAT BOAT*", bearing civil docket no. 2:23-cv-01665 (hereinafter

referred to as the "Limitation Action"). A copy of Sunland's Limitation Action is attached hereto as Exhibit "E."

28. The removed action was thereafter consolidated with the Limitation Action on June 5, 2023. The consolidated action remains assigned to and pending before U.S. District Court Gerard Guidry and Magistrate Judge Michael North. All pleadings in the consolidated proceeding have been directed to bear the caption of the limited liability suit, *In the Matter of Sunland Construction, Inc.*, Civil Action No. 23-1665, Section "T" (5). A copy of the Order consolidating the matters is attached hereto as Exhibit "F."

## OTHER MATTERS

29. Pertinent information regarding the parties in this case, their counsel, and the State court are as follows:

    a)     Plaintiff, Raymond Bianchini, Jr., is represented by:

        Philip F. Cossich, Jr.
        Brandon Taylor
        Andrew Cvitanovic
        Natalie Kobetz
        COSSICH, SUMICH, PARSIOLA, & TAYLOR, L.L.C.
        8397 Highway 23, Suite 100
        Belle Chasse, LA 70037
        Telephone: (504) 394-9000
        Facsimile: (504) 394-9110

    b)     Defendant, Venture Global Gator Express, LLC, is represented by:

        Aaron B. Greenbaum
        Salvador J. Pusateri
        Rowen F. Asprodites
        Anna G. Carey
        Pusateri, Johnston, Guillot & Greenbaum, LLC
        1100 Poydras Street, Suite 2250
        New Orleans, LA 70163
        Telephone: (504) 620-2500
        Facsimile: (504) 620-2510
        Salvador.Pusateri@pjgglaw.com

>   Aaron.Greenbaum@pjgglaw.com
>   Rowen.Asprodities@pjgglaw.com
>   Anna.Carey@pjgglaw.com

d) The case is being removed from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, which is located at:

>   18055 Highway 15, Second Floor
>   Pointe-A-La- Hache, Louisiana 70082
>   P.O. Box 7134
>   Belle Chasse, Louisiana 70037
>   Telephone: (504) 934-6715
>   Facsimile: (504) 934-6729

30. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel signing on behalf of Venture Global certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension modification, or reversal of existing law, and that it is not interposed for any improper purpose.

31. Written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C. § 1446(d).

32. All known properly joined and served Defendants consent to this Notice of Removal in accordance with 28 U.S.C. §1446(b). By filing this Notice of Removal, Defendants, including Venture Global, have appeared and do not waive, but hereby affirmatively assert, any and all affirmative and/or defenses available and/or applicable to them, including but not limited to those set forth under Louisiana and/or Federal Rules of Civil Procedure 8 and 12.

33. A true and correct copy of this Notice of Removal will be filed with the District Clerk for the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, as required by the provisions of 28 U.S.C. § 1446(d). Venture Global is providing the 25th Judicial

11

District Court for the Parish of Plaquemines, State of Louisiana with written notice of this removal.

34. Venture Global reserves the right to amend and/or supplement this Notice of Removal, including the right to assert additional bases for federal jurisdiction based on federal question, forum selection, and enforcement of any applicable arbitration clause, as investigation is ongoing and discovery has not commenced.

**WHEREFORE**, Defendant, Venture Global Gator Express, LLC, hereby removes this action to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Aaron B. Greenbaum*
Aaron B. Greenbaum, T.A. (#31752)
Salvador J. Pusateri (#21036)
Rowen F. Asprodites (#33135)
Anna G. Carey (#40305)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Aaron.Greenbaum@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
Rowen.Asprodites@pjgglaw.com
Anna.Carey@pjgglaw.com
**ATTORNEYS FOR DEFENDANT,
VENTURE GLOBAL GATOR EXPRESS, LLC**